**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

IN RE:    CLARA AKALARIAN,                                                              CHAPTER 7
　　　　　　Debtor.                                                                       BK No. 09-12681-ANV

**MEMORANDUM OF *AMICUS CURIAE*, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., IN SUPPORT OF
ONEWEST BANK, FSB'S MOTIONS FOR RELIEF FROM THE
AUTOMATIC STAY (DOCKET NOS. 28 AND 44)**

　　　　　Now comes Mortgage Electronic Registration Systems, Inc. ("MERS"), an interested party, and hereby submits this Memorandum of *Amicus Curiae* in support of OneWest Bank, FSB's ("OneWest") motions for relief from the automatic stay and against Clara Akalarian ("Debtor").

**I.    PROCEDURAL HISTORY**

　　　　　On or about July 9, 2009, the Debtor filed a voluntary petition for Chapter 7 protection under the United States Bankruptcy Code. In her schedules and statements filed with the Court, the Debtor lists various properties for which secured creditors have filed motions for relief from the 11 U.S.C. § 362 automatic stay. These properties are identified below. With regard to two of these properties, 365 Atlantic Avenue, Warwick, Rhode Island (the "Atlantic Property") and 793 Namquid Drive, Warwick, Rhode Island (the "Namquid Property"), MERS submits this memorandum of law in opposition to the Debtor's objections to those secured parties' motions for relief from the automatic stay. As will be further explained below, in accordance with Rhode Island law as enunciated in the Superior Court of Rhode Island case, Bucci v. Lehman Bros. Bank, 2009 R.I. Super. LEXIS 110 (R.I. Super. Ct. August 25, 2009) (a true and accurate copy of which is attached as Exhibit A), MERS is a proper mortgagee and has

In Re: Clara Akalarian                                          Case No. 09-12681-ANV, Chapter 7

both the authority to assign the subject mortgages and exercise the statutory power of sale found in the mortgages.

## II.   PROPERTIES

### A.   447 Warwick Avenue, Warwick, Rhode Island

On or about July 1, 2005, Debtor executed a promissory note in favor of The New York Mortgage Company, LLC ("New York") in the original principal amount of $188,000. Contemporaneously therewith and as security for the repayment of that promissory note, Debtor granted a mortgage on 447 Warwick Avenue, Warwick, Rhode Island (the "Warwick Avenue Property") to New York, which is recorded at Book 5773, Page 272 of the City of Warwick Land Evidence Records. This mortgage was assigned from New York to Bay View Loan Servicing, LLC ("Bay View") on or about July 14, 2005. Thereafter, on or about September 2, 2009, Bay View moved for relief from the automatic stay. On September 2, 2009, the Debtor objected to Bay View's motion for relief from stay. The Debtor's objection contains the unsupported assertion that Bay View does not have standing to foreclose. The Debtor claims that for some unstated reason Bay View does not have an interest in the Atlantic Property.

### B.   14 Marine Avenue, Warwick, Rhode Island (the "Marine Property")

On or about April 27, 2006, the Debtor executed a promissory note in favor of Nation One Mortgage Company, Inc. ("Nation One") in the original principal amount of $176,000. Contemporaneously therewith and as security for the repayment of that promissory note, Debtor granted a mortgage on the Marine Property to MERS, both as mortgagee and as nominee for Nation One, which is recorded at Book 6156, Page 145 of the City of Warwick Land Evidence Records. This mortgage was assigned from MERS to HSBC Bank USA, National Association as Trustee for Nomura Asset-Backed Certificate Series, 2006 AF1 ("HSBC") on or about March 17, 2008. Thereafter, on or about August 7, 2009, HSBC moved for relief from the automatic stay, which was granted on August 21, 2009, with no objection

In Re: Clara Akalarian                                                                    Case No. 09-12681-ANV, Chapter 7

having been filed. However, on August 22, 2009, the Debtor objected and moved for reconsideration of the order granting HSBC relief from the stay. The Debtor's objection, which is docketed as document number 19, included a memorandum of law supporting the Debtor's objection to HSBC's motion for relief.[1] The Court denied the Debtor's motion to reconsider on September 23, 2009.

### C. The Atlantic Property

On or about June 3, 2004, the Debtor executed a promissory note in favor of RBMG, Inc. ("RBMG") in the original principal amount of $261,250. Contemporaneously therewith and as security for the repayment of that promissory note, the Debtor granted a mortgage on the Atlantic Property to MERS, both as mortgagee and as nominee for RBMG, which is recorded at Book 5229, Page 244 of the Land Evidence Records. This mortgage was assigned from MERS to IndyMac Federal Bank FSB ("IndyMac") on March 9, 2009 and is recorded in the Land Evidence Records at Book 7017, Page 60. Thereafter, the mortgage was further assigned from IndyMac to OneWest on or about April 29, 2009, and is recorded in the Land Evidence Records at Book 7060, Page 343. Thereafter, on or about August 31, 2009, OneWest moved for relief from the automatic stay, which the Debtor objected to on September 2, 2009. The Debtor's objection merely states that OneWest does not have standing to foreclose as OneWest does not have an interest in the Atlantic Property. The Debtor provides no explanation nor any context for this statement, relying solely on an unsupported legal conclusion.

### D. The Namquid Property

On or about November 27, 2006, the Debtor executed a promissory note in favor of Nation One in the original principal amount of $334,000. Contemporaneously therewith and as security for the repayment of that promissory note, Debtor granted a mortgage on the

---

[1] As with Debtor's other objections described <u>infra</u>, this objection did not provide a substantive reason to support Debtor's contention that a motion for relief should not be granted.

Namquid Property to MERS, both as mortgagee and as nominee for Nation One, which is recorded at Book 6409, Page 6 of the Land Evidence Records. This mortgage was assigned from MERS to OneWest on or about May 12, 2009. Thereafter, on or about September 11, 2009, OneWest moved for relief from the automatic stay, which the Debtor objected to on September 15, 2009. The Debtor's objection merely states that OneWest does not have standing to foreclose due to a faulty assignment from MERS in the Namquid Property's chain of title. The Debtor supplies no explanation as to how any assignment was faulty nor any support for her perfunctory objection.

### III.    ARGUMENT

#### A.    It is Well Settled That This Honorable Court Will Apply the Substantive Law of Rhode Island in Adjudicating Matters of State Interest

This Honorable Court has made clear that it will look to Rhode Island law in adjudicating matters of state interest. This deferential standard clearly applies in matters involving issues relating to real property, such as those raised by the Debtor through her objections. In this regard, this Court has stated that: "Property interests are created and defined by state law; unless an important federal interest is present, state law results should be mirrored in bankruptcy." In re Giordano, 188 B.R. 84, 88 (D.R.I. 1995) (citing Butner v. United States, 440 U.S. 48, 55, 59 L. Ed. 2d 136, 99 S. Ct. 914 (1979)). Furthermore, "[g]enerally, in the federal system, 'the law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice without plea or proof.'" Getty Petroleum Mktg., Inc. v. Capital Terminal Co., 391 F.3d 312, 320 (1st Cir. R.I. 2004) (quoting Lamar v. Micou, 114 U.S. 218, 223, 29 L. Ed. 94, 5 S. Ct. 857 (1885)); White v. Gittens, 121 F.3d 803, 805 n.1 (1st Cir. 1997). Thus, the substantive law of Rhode Island must be applied in resolving the issues now before the Court.

B.     **Pursuant to both Rhode Island Statutory and Common Law MERS Has Standing to Bring an Action to Foreclose Under the Statutory Power of Sale in Rhode Island**

The same "standing" and related issues raised by the Debtor in this matter have been fully litigated, analyzed, and decided in favor of MERS in the Rhode Island Superior Court case of Bucci v. Lehman Bros. Bank, 2009 R.I. Super. LEXIS 110 (R.I. Super. Ct. August 25, 2009). Currently, the Bucci decision is being uniformly followed in all similarly situated matters pending in the Rhode Island Superior Court. In fact, in an unusual administrative action, the Presiding Justice of the Superior Court, at the request of the trial justice, unofficially consolidated all of the MERS cases pending in all of the Rhode Island counties with the Bucci's motion. The purpose of this "consolidation" was to ensure that all of the pending "MERS" cases were handled uniformly. In furtherance of this administrative action, the trial justice in Bucci, before the hearing commenced, required Bucci's attorney to: 1) identify all pending Rhode Island Superior Court cases with similar claims involving MERS (including the standing issue); 2) provide notice of the scheduled Bucci hearing to the counsel in each of the identified cases; and 3) invite counsel for any interested party to be heard in the Bucci hearing.

At the Bucci hearing, a number of attorneys representing parties in other cases pending throughout Rhode Island, as well as members of the title bar, were heard on the substantive issues that were common to all of the pending cases. These are the same substantive issues that the Debtor is attempting to raise before this Court in this matter.

The Superior Court in the Bucci decision discussed the standing and related issues in the broadest of terms and ruled in favor of MERS and against the borrowers on every issue raised by Bucci and the other plaintiffs. Following the issuance of the Bucci decision, all of the Superior Court matters challenging MERS standing have been decided in accordance with the Bucci decision, which is consistent with the weight of authority throughout the United States. The Bucci decision clearly sets forth the Rhode Island law as it relates to the issues raised by the

5

In Re: Clara Akalarian                                                                    Case No. 09-12681-ANV, Chapter 7

Debtor in the present matter. It is clear under Rhode Island law that MERS has standing in the present matter and the assignments were appropriate and were enforced.

The facts and holdings of Bucci are as follows. In July 2009, two mortgagors, Anthony and Stephanie Bucci (collectively the "Buccis") brought suit against MERS, Aurora Loan Services, LLC ("Aurora") and Lehman Brothers Bank, FSB ("Lehman") attempting to permanently enjoin a foreclosure sale on their property. Bucci, supra, at *1-6. The Buccis claimed, inter alia, that MERS was not authorized, statutorily or contractually, to enforce the statutory power of sale contained in a mortgage granted to it by the Buccis. Id. at *6. As in the present matter, the Bucci's also argued that because MERS was defined as the lender's nominee in the mortgage, the mortgage was a void conveyance along with any potential assignment from MERS to another holder of the mortgage. Id. at *17. In support of their contention, the Buccis submitted a document entitled "Plaintiffs' Supplemental Memo on Statutory Protections" (the "Supplemental Memorandum"). The Objection filed by the Debtor with this Court is, with a few minor differences, a reproduction of the Bucci's Supplemental Memorandum. Thus, it is absolutely clear that the Debtor in this matter is raising the exact issues already determined in the Bucci decision.

After a multi-day hearing and a review of the submitted pleadings and other evidence, including the very arguments that the Debtor makes here, the Superior Court concluded that, despite the Buccis' contentions otherwise, MERS has "standing to and may foreclose the mortgage granted to it by the [Buccis] by utilizing the Statutory Power of Sale." Id. at *19. In reaching its decision, the Superior Court Justice found the bankruptcy court case of In re Huggins, 357 B.R. 180 (Bankr. D. Mass. 2006), persuasive and ruled that "[f]or the same reasons expressed in Huggins, this Court finds that MERS may foreclose by the power of sale." Id. at *12-13.

6

Particularly, the Huggins Court found that MERS had standing to seek relief from the Bankruptcy Court's automatic stay because:

> [1] MERS is acting as nominee for Spectrum, which holds the Note, and therefore there is no disconnection between the note and mortgage; [2] MERS is the record mortgagee under the Mortgage with the powers expressly set forth, including the power of sale under *Section 14*[;] [3] *Section 14* expressly authorizes the exercise of sale powers by a mortgagee or person authorized to sell, precisely the position occupied by MERS[;] [and] [4] the logic of a denial of MERS's foreclosure right as mortgagee would lead to anomalous and perhaps inequitable results, to wit, if MERS cannot foreclose though named as mortgagee, then either Spectrum can foreclose though not named as mortgagee or no one can foreclose, outcomes not reasonably or demonstrably intended by the parties.

Id. (quoting Huggins, supra, at 184).

Furthermore, and more pertinent to the facts of the present case, the Rhode Island Superior Court in Bucci also determined that in mortgages where MERS is defined as the mortgagee, even in a nominee capacity, "MERS is the mortgagee because the Mortgage executed by the Buccis so states." Id. at *17. As the mortgagee, MERS may enforce the statutory power of sale enumerated in the mortgage or, as in this case, assign the mortgage to another entity along with all of the rights of a mortgagee. Here, because MERS assigned the mortgages on the Atlantic Property and Namquid Property to OneWest, OneWest is the mortgagee and, pursuant to Rhode Island law, OneWest has all the powers granted a mortgagee in both the mortgage and at law, including the statutory power of sale.

Although the foregoing has always been the law in Rhode Island, the Bucci decision is the definitive statement of the law. Since the issuance of the Bucci decision, all cases at the Superior Court level have deferred to this ruling as the controlling authority in Rhode Island.[2] The Debtor in the present matter raises issues of settled state property law. Under the applicable deferential standard, the Bucci case represents the state substantive law which

---

[2] The Buccis have appealed the Superior Court decision to the Supreme Court.

controls in this matter.  Furthermore, this Court should also view the <u>Huggins</u> case as a particularly persuasive decision since it is cited in the controlling Rhode Island case and it too found that MERS had standing to seek relief from the automatic stay which is precisely the issues presented in this case.  Accordingly, OneWest's motions for relief from the automatic stay to foreclose should be granted over the Debtor's objections.

      **C.**      **<u>Debtor's Skeletal Objection to Bay View's Motion for Relief (Docket No. 33) as well as Her Objections Against OneWest (Docket Nos. 32 and 47) Evidence the Debtor's Lack of Colorable Claims and Objections</u>**

In addition to the arguments made above, Debtor's objections to OneWest's motions for relief are wholly devoid of any law or fact that supports its assertion that OneWest somehow lacks standing or an interest in the respective properties and, therefore, the Debtor's objections should be overruled.  The objections merely state that "the alleged creditor does not have standing to foreclose" due to some defect in the title that somehow results from an assignment from MERS.  Other than the arguments raised with regard to the Marine Property, the Debtor has made no substantive argument supporting her objection.

Furthermore, the Debtor's objection with regard to the Warwick Avenue Property further illustrates the Debtor's lack of any meritorious argument.  In her objection to Bay View's motion for relief (Document No. 33) with regard to the Warwick Avenue Property, the Debtor puts forth the same unsubstantiated objection as she did with regard to the Atlantic and Namquid Properties.  However, unlike the Atlantic and Namquid Properties, the Warwick Avenue Property's mortgage is not a MERS originated mortgage.  The Warwick Avenue Property mortgage was granted to New York and then assigned to Bay View.  It is apparent that the Debtor has simply made a number of "serial" filings (the objections she filed to various motions for relief in this case) without regard to the factual or legal basis of any of the filings.  There is no basis for the objections, factually or legally.

## IV.  CONCLUSION

It has been generally held that property interests are determined by state law and a Bankruptcy Court should defer to a particular state's common and statutory law.  In Rhode Island, the Superior Court has specifically ruled against the precise arguments made by the Debtor.  In fact, it was Debtor's counsel who originally brought those exact claims on behalf of other borrowers in the Rhode Island Superior Court.  Apparently understanding that they were not entitled to relief in Superior Court under Rhode Island law, the Debtor's counsel has now moved to Bankruptcy Court in hopes of obtaining an inconsistent ruling on the same state law issue.  This Court should follow the holding in <u>Bucci</u> and grant OneWest's motion for relief from the automatic stay, allowing it to pursue its legal and equitable rights with respect to its collateral.

        MORTGAGE ELECTRONIC
        REGISTRATIONS SYSTEMS, INC.

        By Its Attorneys,

        PARTRIDGE SNOW & HAHN LLP


        /s/ Jeffrey H. Gladstone
        Jeffrey H. Gladstone (#3286)
        Catherine V. Eastwood (#6406)
        David J. Pellegrino (#7326)
        180 South Main Street
        Providence, RI 02903
        (401) 861-8200
        (401) 861-8210  FAX

DATED:  October 8, 2009

In Re: Clara Akalarian                                              Case No. 09-12681-ANV, Chapter 7

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2009, I electronically filed a Memorandum with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

- Keven A. McKenna, Esquire
- Andrew S. Richardson, Esquire
- Gary L. Donahue, Esquire, Office of the U.S. Trustee
- Jeffrey J. Hardiman, Esquire
- Elizabeth A. Lonardo, Esquire
- Raymond C. Pelote, Esquire
- Christopher J. DeCosta, Esquire

and I hereby certify that a copy of the Memorandum was served by regular, first class mail, to the following interested parties as set forth below:

Ms. Clara Akalarian
793 Namquid Drive
Warwick, RI 02888

/s/ Jeffrey H. Gladstone

1082700_1